**COMMERCE SAVINGS ASSOCIATION OF BRAZORIA COUNTY, Appellant,**

v.

**S/C MANAGEMENT 108, LTD., et al., Appellees.**

No. A14–83–775–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 27, 1984.

Gary L. McConnell, Thomas & McConnell, Angleton, for appellant.

B. Edward Williamson, Gillis, Walker, Drexler & Williamson, Daniel C. Pappas, Kissner & Pappas, C. Henry Kollenberg, Schlanger, Cook, Cohn, Mills & Grossberg, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment that Appellant, Commerce Savings Association of Brazoria County, take nothing in its suit to enforce a note and written guaranty agreement. Appellant argues that the trial court erred in allowing the introduction of parol evidence to vary the terms of the written agreements and that there was an improper submission of special issues. Appellees, S/C Management 108, Ltd. (S/C), S/C Investment Partners (Partners), E.J. Cummins, Jr., James T. Drake, Fred E. Miller, Barry W. Smith, Al B. Lum, and James C. Shindler, respond that there was sufficient, competent evidence to support the jury's finding that there was an accord and satisfaction which precludes Appellant's suit. We affirm.

In 1972, Appellant was the owner by foreclosure deed of a 61.5935 acre tract of land located in Harris County (the "Telge Tract"). Appellant sought to have the classification of the Telge Tract changed from property taken by foreclosure to collateral supporting a viable loan. On September 15, 1972, Appellant contracted with S/C acting by and through Partners to purchase the Telge Tract via an earnest money contract. The terms of the agreement called for a cash payment by S/C of $77,-000 and the execution of a promissory note in the amount of $331,000. Only $231,000 was to be considered disbursed and interest bearing. The remaining $100,000 was to be disbursed at a later time for development of the tract. The earnest money agreement also provided that the note be guaranteed by the individuals to the extent of one-half of the unpaid balance of the note.

The real estate note was renewed and extended several times. In October, 1974, Appellees sold eight acres of the tract to two Mexican nationals for $96,000. Of that amount, $50,880 was paid to Appellant as a principal payment on the note, leaving an unpaid principal balance on the note of $180,120. Appellant sent a notice to Appellees that an interest payment was due on March 22, 1975. That payment was not made. No further payments on either principal or interest were made by Appellees. Appellant foreclosed on the property by trustee's sale and retook title by trustee's deed dated June 1, 1976. On December 6, 1978, Appellant sold the property for $150,-000 to Richard V. Adkins, Trustee.

Appellant filed suit in February, 1979, to recover sums owing under the real estate note and guaranty. Appellees introduced evidence that representatives of Appellant made oral representations that the personal liability provisions contained in the note and guaranty would not be enforced by Appellant against Appellees. Appellant argued that the Parol Evidence Rule barred the introduction of such evidence. Appellees also introduced evidence that an agreement had been reached that if Barry Smith could procure a purchaser for the land at a price acceptable to Appellant, such procurement would be considered complete satisfaction of the disputed claim for payment of a deficiency.

The trial judge submitted special issues to the jury on the defensive theories of fraudulent misrepresentation and accord and satisfaction. The jury's answers to the special issues established that Appellant had made a fraudulent misrepresentation, that an accord and satisfaction had been reached, and that under the accord and satisfaction Appellant's claim for a deficiency against the individuals was barred. Appellant appeals from the judgment rendered in favor of Appellees.

Appellant raises five points of error. In points of error four and five, Appellant attacks the findings that an accord and satisfaction had been reached. Point of error four is that the trial court erred in admitting parol evidence that Appellant agreed to compensate Smith for his brokerage services in the sale of the tract to Richard V. Adkins, Trustee, when such evidence served to vary the terms of the earnest money contract between Appellant and Adkins. Point of error five is that the trial court erred in submitting Special Issue No. Ten to the jury because there was no competent evidence that Appellant intended to release any of the Appellees from liability other than Smith.

Appellees introduced evidence of an oral agreement between Appellant and Smith whereby Smith was to obtain a purchaser of the property in return for a release from liability to Appellant. This testimony came from Smith, Adkins, and Daniel J. Goldberg. Appellant argues that the oral agreement is unenforceable.

Paragraph 9 of the written earnest money contract between Appellant and Adkins provided that:

> The Purchaser and Seller warrant that no real estate commissions are due and payable in consummating this transaction. Further, there are no real estate brokers and agents involved in consummating this sale.

Appellant argues that the oral accord and satisfaction is unenforceable because it serves to vary the terms of a written contract and because it violates the statute of frauds applicable to suits for real estate commissions.

 If Smith were suing for a commission for the sale of the property, the Parol Evidence Rule might preclude the admission into evidence of an oral agreement that varies the express terms of a written contract. However, Smith is not suing for a broker's commission. The earnest money contract between Appellant and Adkins was not the subject of the claim by Appellees. The testimony was offered not to vary the terms of a written contract but to establish the existence of a separate accord and satisfaction. Therefore, the parol evidence rule is inapplicable.

We agree that a written agreement is necessary in order for a broker to bring an action for a commission for the sale or purchase of real estate. TEX.REV.CIV. STAT.ANN. art. 6573a, § 20(b) (Vernon Supp.1984). However, Appellees have not brought an action for the recovery of a real estate commission. We do not believe that article 6573a, § 20 prevents Appellees from raising the defense of accord and satisfaction. Appellant's fourth point of error is overruled.

Special Issue No. Ten asked whether Appellant entered into an agreement with Smith that if Smith could procure a purchaser Appellant would release the Appellees from a liability on the note and guaranty agreement. The jury found that Appellant made such an agreement. Appellant argues there is no evidence that it intended to release all of the Appellees. Smith testified that Appellant's representative agreed to "release the liability on the note" if Smith found a buyer for the property. Adkins testified that Appellant's representative said not to worry about Smith not getting a commission because "He'll get off the hook on the liability for bringing you in as a buyer." Goldberg, Adkins' lawyer, testified that "Smith would be released for his services." None of the witnesses testified that *only* Smith was to have the benefit of an accord and satisfaction. With the record before us, we believe that a fact issue was created as to whether Appellant intended the satisfaction by Smith to cover all of the Appellees or only Smith. *See generally,* 1 Tex.Jur.3rd *Accord and Satisfaction* § 32 (1979). There was sufficient evidence to support the submission of Special Issue No. Ten. Point of error five is overruled.

Due to our disposition of Appellant's points of error concerning accord and satisfaction, we do not address the points of error on the issue of fraudulent misrepresentation.

The judgment is affirmed.